# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:22-cr-122 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| DERRIOS EUGENE WOFFORD ) | |
| ) | Magistrate Judge Christopher H. Steger |

## MEMORANDUM

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline Amendment 821, Part A. (Doc. 36). Defendant supplemented his motion (Doc. 45), and the United States ("the Government") responded in opposition (Docs. 44, 46). For the reasons stated below, Defendant's Motion for Sentence Reduction (Doc. 36) will be **DENIED**.

On October 25, 2022, an Indictment charged Defendant with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of possessing with intent to distribute forty or more grams of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 1, at 1–2.)

Prior to sentencing, the Presentence Investigation Report ("PSR") indicated Defendant's prior criminal convictions resulted in a total criminal history score of five, for a criminal history category of III, and a guideline range of 57 to 71 months. (Doc. 28, at ¶¶ 52, 74.) Yet, because the minimum term of imprisonment for his drug charge was sixty months, his guidelines range was 60 to 71 months. (*Id*. at ¶ 74.) At sentencing, the Court applied an upward variance of thirteen months and sentenced Defendant to 84 months. (Docs. 34, 35.)

1

A district court has "no inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides:

> "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence. Amendment 821 reduced status points from two to one if the defendant received seven or more points under USSG § 4A1.1(a)–(d) and eliminated them otherwise. *See* USSG. §§ 4A1.1(e).

Applying this amendment to the case at hand, Defendant's criminal history points would be reduced to three and his criminal history category would be reduced to II. Defendant asks the Court to reduce his sentence to 76 months so that it correlates to the upward variance applied in his original sentence. (Doc. 45 at 4.) In response, the Government argues the Court does not have authority to reduce Defendant's sentence because "his guideline range has not been 'lowered' by Amendment 821" since the sixty-month statutory mandatory minimum applies. (Doc. 46 at 2.) It states that "[a]t best, [Defendant] can show that the guideline range applicable to him today is *different*; it is not *lower*." (*Id*. (citing *United States v. Taylor,* 749 F.3d 541, 545 (6th Cir. 2014) ("[A] change in the upper bound of [an] 'applicable guideline range' does not lower that range . . . [where the bottom of the range is a] statutory minimum, i.e., the lower

2

bound that was not reduced.")).)

The Government is correct. Applying Amendment 821 would reduce Defendant's criminal history category from III to II. However,

> a reduction in the defendant's term of imprisonment is not authorized under [ ] § 3582(c)(2) and is not consistent with [the applicable] policy statement if [the amendment relied upon by the defendant in seeking a reduction] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

USSG § 1B1.10(a) cmt n.1(B)(iii). Because Defendant was sentenced pursuant to a statutory mandatory minimum and not a sentencing range that was subsequently lowered by the Sentencing Commission, this Court does not have authority to reduce his sentence under Amendment 821. *See id*; *see also United States v. Gallaher*, No.: 3:21-cr-112, 2024 WL 3884198, at *3 (E.D. Tenn. Aug. 20, 2024) (finding the court lacked authority to reduce a mandatory minimum sentence under § 3582(c)(2) and Amendment 821); *United States v. Corthion*, No. 1:15-CR-10022, 2024 WL 4683671, at *2 (W.D. Tenn. Nov. 5, 2024) (finding same).

For the reasons stated herein, Defendant's Motion for Sentence Reduction (Doc. 36) will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

>  /s/ *Travis R. McDonough*
>  **TRAVIS R. MCDONOUGH**
>  **UNITED STATES DISTRICT JUDGE**

3